UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 18-3005-MJ-white

UNITED STATES OF AMERICA

v.

JENNIFER JOHN CARBON,

      Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? _____ Yes __x__ No

                Respectfully submitted,

                BENJAMIN G. GREENBERG
                UNITED STATES ATTORNEY

By: _____
     KEVIN J. LARSEN
     Assistant United States Attorney
     Court No. A5501050
     99 N.E. 4th Street
     Miami, Florida 33132-2111
     Telephone: 305-961-9356
     Facsimile: 305-536-4699
     Email: kevin.larsen@usdoj.gov

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>JENNIFER JOHN CARBON,<br><br>*Defendant(s)* | )<br>)<br>) Case No. 18-3005- MJ-white<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __October 15, 2014__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 1349 | Conspiracy to Commit Healthcare Fraud |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Special Agent Caleb King, DCIS
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 06/29/2018

_____
*Judge's signature*

City and state: Miami, Florida

Hon. Patrick A. White, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF AN
## APPLICATION FOR AN ARREST WARRANT

I, Special Agent Caleb D. King, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of a Criminal Complaint for the arrest of JENNIFER JOHN CARBON for violation of Title 18, United States Code (U.S.C.) § 1349 (Conspiracy to Commit Healthcare and Wire Fraud).

2.      I am an investigative and law enforcement officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18 of the United States Code. I have been employed as a Special Agent with the United States Department of Defense – Defense Criminal Investigative Service (hereinafter referred to as "DCIS") for approximately six years. Prior to my employment with DCIS, I served as a Special Agent with the United States Army Criminal Investigation Command (USACIDC) for two years. I am a graduate of numerous law enforcement related courses including USACIDC's Special Agent Course, the DCIS Special Agent Basic Course and the DCIS Healthcare Fraud Training Program. I am currently assigned to the DCIS Fort Lauderdale Resident Agency, where I investigate violations of federal law, including conspiracies to commit health care fraud, to include the submission of false claims to the Defense Health Agency (DHA)/TRICARE program, (hereinafter referred to as "TRICARE.") My law enforcement authority to apply for this warrant is derived from Title 10, U.S.C., § 1585a.

## DHA/TRICARE PROGRAM

3.      TRICARE is a health care insurance program of the United States Department of Defense. TRICARE provides civilian health benefits for military personnel, military retirees,

1

and military dependents all around the world. The TRICARE program is managed under the authority of the Assistant Secretary of Defense for Health Affairs. The TRICARE program provides medical coverage for Uniformed Service members to include those who are active duty and reservist that are a part of the following: U.S. Army, U.S. Air Force, U.S. Navy, U.S. Marine Corps, U.S. Coast Guard, Commissioned Corps of the U.S. Public Health Service, and Commissioned Corps of the National Oceanic and Atmospheric Association, National Guard/Reserve, Army National Guard, Army Reserve, Navy Reserve, Marine Corps Reserve, Air National Guard, Air Force Reserve, and U.S. Coast Guard Reservist and their families. This program also covers survivors, former spouses, Medal of Honor recipients and their families, and others registered in the Defense Enrollment Eligibility Reporting System (DEERS).

4. There are two types of Beneficiaries under the TRICARE program: (1.) Sponsors - active duty, retired and Guard/Reserve members, and (2.) Family Members - spouses and children who are registered in DEERS.

5. TRICARE requires that in order to pay a claim, the item or service being billed to TRICARE must be medically necessary, prescribed by a licensed physician and actually provided to the intended TRICARE beneficiary.

## APPLICABLE LAWS

6. It is a federal crime to knowingly and willfully execute, or attempt to execute, a scheme or artifice to defraud a health-care benefit program, or to get any of the money or property owned by, or under the custody or control of, a health-care benefit program by means of false or fraudulent pretenses, representations, or promises[1]. TRICARE is a federal health-care benefit program as defined by 18 U.S.C. § 24(b).

---

[1] Eleventh Circuit Pattern Jury Instructions (Criminal), Offense Instruction No. 53 (2010).

## THE RELEVANT PARTIES

7. Pharmacy 1 is a corporation organized under the laws of the State of Florida, located in the Middle District of Florida that purportedly provided pharmaceutical drugs and compound medications to TRICARE and other health insurance beneficiaries.

8. Pharmacy 2 is a corporation organized under the laws of the State of Oklahoma, located in the Western District of Oklahoma that purportedly provided pharmaceutical drugs and compound medications to TRICARE and other health insurance beneficiaries.

9. Company 1 is a corporation organized under the laws of the State of Florida, located in Miami-Dade County in the Southern District of Florida that recruited and paid individuals to refer TRICARE beneficiaries so it could in return refer those beneficiaries to Pharmacies 1 and 2.

10. Co-Conspirator 1 is a resident of the State of Florida and sole officer of Company 1.[2]

11. Comfort Medical Center, LLC is a corporation organized under the laws of the State of Florida, located in Miami-Dade County in the Southern District of Florida that does business as a medical clinic which purportedly provided medical services to TRICARE beneficiaries and other patients.

12. JENNIFER JOHN CARBON ("CARBON") is a resident of the State of Florida and principal operator of Comfort Medical Center, LLC.

13. Uddin Enterprises, Inc. is a corporation organized under the laws of the State of New York that recruited and paid individuals to refer TRICARE beneficiaries to it so that it

---

[2] Co-conspirator 1 was a resident of the State of Florida during the time-frame relevant to the alleged conspiracy.

could in turn refer those beneficiaries to Company 1.

14.     Asif Uddin ("Uddin") is a resident of the State of New York and the sole owner and officer of Uddin Enterprises, Inc.[3]

15.     Dr. H.E. is a physician located in Miami-Dade County, FL.

## PROBABLE CAUSE

16.     My investigation revealed that between approximately October 15, 2014 and May 10, 2015, in Miami-Dade County, in the Southern District of Florida, CARBON and other charged and uncharged co-conspirators engaged in a scheme to defraud TRICARE by causing the submission of false and fraudulent claims based upon false and fraudulent prescriptions for compounded medication. These false and fraudulent claims were induced through a lucrative scheme that paid CARBON and her co-conspirators kickbacks collectively totaling millions of dollars. These kickbacks were tied to the false and fraudulent claims.

17.     The investigation was based in part upon interviews of cooperating defendants and witnesses. One cooperating defendant, Uddin, was interviewed by law enforcement as part of this investigation. Uddin stated that he received kickbacks from Co-conspirator 1 in exchange for recruiting and referring TRICARE beneficiaries to Company 1, a company belonging to Co-conspirator 1. Uddin also stated that he, at Co-conspirator 1's direction, e-mailed the patient information belonging to the TRICARE referrals he obtained to CARBON's Miami-Dade County medical clinic, Comfort Medical Center. Uddin stated that prescriptions for compounded medication were purportedly signed by Dr. H.E., who he believed to be a Comfort Medical Center employee.

18.     Uddin stated that prescriptions purportedly signed by Dr. H.E. were subsequently

---

[3] Asif Uddin was a resident of the State of New York at all times relevant to the alleged conspiracy.

4

transmitted to Pharmacies 1 and 2, and that TRICARE was eventually billed. Uddin was paid kickbacks by Co-conspirator 1 in the approximate amount of 25% of the amount paid to Pharmacies 1 and 2.

19. Uddin also stated that several TRICARE beneficiaries reported receiving compounded medications without ever being contacted or examined by Dr. H.E. or any other known health care provided authorized by issue a prescription. Uddin stated that he reported this to CARBON.

20. Dr. H.E. was also interviewed in connection with my investigation. Dr. H.E. stated that he is a licensed psychiatrist and that he has never prescribed any compounded medications for CARBON or any other person. An analysis of TRICARE claims data confirms that Dr. H.E. did not prescribe compounded medications for any clinic other than CARBON's.

21. In addition to interviews of cooperating defendants and witnesses, this investigation also involved a review of text messages and e-mail correspondence between various co-conspirators, including CARBON, as well as banking and claims data records. A review of e-mail correspondence showed that Co-conspirator 1 dictated to CARBON how to fill out each prescription for compounded medication. Specifically, CARBON was directed as to which products to "prescribe" and exactly how many refills should be "authorized." A review of prescriptions generated by CARBON's clinic show that Co-conspirator's directions were followed.

22. Text messages by Co-conspirator 1 stated that he paid CARBON monthly kickbacks in exchange for her agreement to furnish signed prescriptions to him for compounded medications that were ultimately submitted to TRICARE for payment. Bank records belonging to Company 1 corroborate the text messages and show that Comfort Medical Center received

5

tens of thousands of dollars from Company 1 between January and April of 2015.

23. Approximately 15 TRICARE beneficiaries who received compounded medication from Pharmacies 1 and 2 purportedly prescribed by Dr. H.E. were interviewed as part of this investigation. These beneficiaries each denied ever being examined by, or speaking with Dr. H.E. In fact, many of the beneficiaries were not located in the State of Florida when TRICARE was billed for compound medications prescribed by Dr. H.E. for them.

24. I reviewed copies of approximately 35 printed prescriptions for compounded medication that originated at Comfort Medical Center. At the top of each prescription is a facsimile header that shows that the prescription was transmitted from CARBON's clinic to Co-conspirator 1.

25. TRICARE claims data for Pharmacies 1 and 2 list Dr. H.E. as the prescribing physician for over $3.2 million dollars' worth of compound medication between December 2014 and May 2015. Dr. H.E. stated at an interview that he briefly worked at Comfort Medical Center in 2014 but denies writing any prescriptions for compound medication.

26. Numerous prescriptions purportedly signed by Dr. H.E. were obtained from Pharmacy 1 in the course of this investigation. These prescriptions show they were sent via facsimile from Comfort Medical Center to Co-conspirator 1. Your affiant compared the handwriting on these prescriptions to handwriting known to belong to CARBON, the handwriting on each is very similar, which suggests that CARBON likely forged the prescriptions for the compounded medications at issue.

## CONCLUSION

27. Based on my training and experience and the facts as set forth in this affidavit

6

there is probable cause to believe that violation JENNIFER JOHN CARBON violated Title 18 U.S.C. § 1349.

Respectfully submitted,

*[signature]*

Caleb D. King
Special Agent
Defense Criminal Investigative Service

Subscribed and sworn to before me on this 29th day, of June, 2018.

*[signature]*

HONORABLE PATRICK A. WHITE
UNITED STATES MAGISTRATE JUDGE