**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 18-20690-CR-UNGARO**

**UNITED STATES OF AMERICA**

**vs.**

**JENNIFER JOHN CARBON,**

  **Defendant.**
_____/

## PLEA AGREEMENT

The Office of the United States Attorney for the Southern District of Florida (hereinafter this "Office") and JENNIFER JOHN CARBON, (referred to as the "defendant") enter into the following agreement:

1.     The defendant agrees to plead guilty to Count One (1) which charges the defendant with Conspiracy to Receive Health Care Kickbacks in violation of Title 18, United States Code, Section 371.

2.     The defendant is aware that the sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines").   The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered.   The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence

Defendant's Initials _JKJC_

under the Sentencing Guidelines.   The defendant is further aware and understands that the Court

is required to consider the advisory guideline range determined under the Sentencing Guidelines,

but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in

light of other statutory concerns, and such sentence may be either more severe or less severe than

the Sentencing Guidelines' advisory sentence.   Knowing these facts, the defendant understands

and acknowledges that the Court has the authority to impose any sentence within and up to the

statutory maximum authorized by law for the offenses identified in paragraph 1 and that the

defendant may not withdraw the plea solely as a result of the sentence imposed.

    3.      The defendant understands that as to Count One (1) the Court may impose a

sentence of up to five (5) years' imprisonment, followed by a term of supervision of up to three

(3) years and a fine of up to $250,000.

    4.      The defendant further understands and acknowledges that, in addition to any

sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of

$100.00 will be imposed on the defendant.   The defendant agrees that any special assessment

imposed shall be paid at the time of sentencing.

    5.      This Office reserves the right to inform the Court and the probation office of all

facts pertinent to the sentencing process, including all relevant information concerning the offenses

committed, whether charged or not, as well as concerning the defendant and the defendant's

background.   Subject only to the express terms of any agreed-upon sentencing recommendations

contained in this agreement, this Office further reserves the right to make any recommendation as

to the quality and quantity of punishment.

2

Defendant's Initials 

6.      This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility.   If, at the time of sentencing, the defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting the government and the Court to allocate their resources efficiently.

However, this Office will not be required to make these recommendations if the defendant: (a) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (b) is found to have misrepresented facts to the government prior to entering this plea agreement; or (c) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making a false statement or misrepresentation to any governmental entity or official.

7.      The United States and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

a.  Base Offense Level-   the parties agree that the base offense level applicable to the defendant's conduct is Level 8 pursuant to Sentencing Guidelines §2B4.1(a).

Defendant's Initials _JJC_

3

b.    Improper Benefit Conferred- the parties agree that the defendant's conduct caused the Tricare program to improperly confer benefits on others in an amount greater than $1,500,000 but less than 3,500,000, resulting in a sixteen (16) level enhancement pursuant to Sentencing Guidelines §2B1.1(b)(1)(I).

8.    The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety.   The defendant understands and acknowledges that she may not withdraw her plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

9.    The defendant agrees that she shall cooperate fully with this Office by:

(a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other court proceeding;

(b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office.

Defendant's Initials CJC

4

This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make the defendant's cooperation, or lack thereof, known to the court at the time of sentencing.   If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the court's downward departure from *the advisory sentence* calculated under the Sentencing Guidelines, this Office may at or before sentencing make a motion consistent with the intent of Section 5K1.1 of the Sentencing Guidelines prior to sentencing, or Rule 35 of the Federal Rules of Criminal Procedure subsequent to sentencing, reflecting that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced from the advisory sentence suggested by the Sentencing Guidelines.   The defendant acknowledges and agrees, however, that nothing in this Agreement may be construed to require this Office to file any such motion(s) and that this Office's assessment of the nature, value, truthfulness, completeness, and accuracy of the defendant's cooperation shall be binding insofar as the appropriateness of this Office's filing of any such motion is concerned.

The defendant understands and acknowledges that the Court is under no obligation to grant the motion(s) referred to in this agreement should the government exercise its discretion to file any such motion.   The defendant also understands and acknowledges that the Court is under no obligation to reduce the defendant's sentence because of the defendant's cooperation.

10.     Defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a natural-born citizen of the United States.   Under federal law, a broad range of crimes are removable offenses, including the

Defendant's Initials 

5

offense(s) to which defendant is pleading guilty. In addition, under certain circumstances, de-naturalization may also be a consequence of pleading guilty to a crime. Removal, de-naturalization, and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. Defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's de-naturalization and automatic removal from the United States.

11.     The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by this Office in this plea agreement, the defendant thereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the government appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that she has discussed the appeal waiver set forth in this agreement with her attorney. The defendant further agrees, together with this Office, to request that the district Court enter a specific finding that the defendant's waiver of

her right to appeal the sentence to be imposed in this case was knowing and voluntary.

12.    The defendant agrees to the entry of a restitution order for the full amount of the government's losses pursuant to Title 18, United States Code, Section 3663A.  The defendant understands that the amount of restitution owed to the government will be determined at or before sentencing unless the Court orders otherwise.

13.    Additionally, the defendant knowingly and voluntarily agrees to the entry of a forfeiture money judgment against her in the amount of $99,802 (US) (hereinafter, the "Forfeiture Money Judgment"), which she agrees is a sum of money equal in value to gross proceeds traceable to the commission of the violation to which she agrees to plead guilty herein.

14.    The defendant knowingly and voluntarily agrees to waive her right to a hearing, pursuant to Fed. R. Crim. P. 32.2(b)(1)(A), to determine the requisite nexus between the Personal Property and offense to which she agrees to plead guilty herein, and to determine the amount of the Forfeiture Money Judgment. Furthermore, the defendant knowingly and voluntarily agrees that she shall not, in any manner, act in opposition to the United States in seeking forfeiture of the Personal Property and in seeking entry and full satisfaction of the Forfeiture Money Judgment.

15.    The defendant knowingly and voluntarily agrees to waive the following rights with respect to the forfeiture of the Personal Property and the entry of the Forfeiture Money Judgment against her:

      (a)    All constitutional, legal, and equitable defenses to such forfeiture;

      (b)    Any constitutional or statutory double jeopardy defense or claim regarding such forfeiture;

Defendant's Initials 

7

(c)     Any claim or defense to such forfeiture brought or raised under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fine; and

(d)     Any right she may have to an appeal of any resulting order of forfeiture regarding the Personal Property and/or the Forfeiture Money Judgment.

16.     The defendant knowingly and voluntarily agrees and understands that the forfeiture of the Personal Property agreed upon herein shall not be treated as satisfaction (either partial or full) of any assessment, fine, restitution, cost of imprisonment, or any other penalty that the Court may impose upon the defendant in addition to the forfeiture. The defendant also agrees to assist this Office in all proceedings, administrative or judicial, involving forfeiture to the United States of any property, including substitute property, regardless of its nature or form, real or personal, which the defendant or others known to the defendant, have accumulated as a result of illegal activities.   The assistance shall include: identification of any property subject to forfeiture, agreement to the entry of an order enjoining the transfer or encumbrance of such property, and the transfer of such property to the United States by delivery to this Office upon this Office's request, any necessary and appropriate documentation, including consents to forfeiture and quit claim deeds, to deliver good and marketable title to such property.

17.     In furtherance of the collection of the Forfeiture Money Judgment and/or a restitution judgment, the defendant agrees to the following:

(a)     The defendant agrees to make full and accurate disclosure of her financial affairs to the United States Attorney's Office and U.S. Probation Office.   Specifically, the

Defendant's Initials _JJC_

8

defendant agrees that **within 10 calendar days** of the signing of this Plea Agreement, defendant shall submit a completed Financial Disclosure Statement (form provided by the United States), and shall fully disclose and identify all assets in which she has any interest and/or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party.   The defendant agrees to provide, in a timely manner, all financial information requested by the United States Attorney's Office and U.S. Probation Office, and upon request, to meet in person to identify assets/monies which can be used to satisfy the Forfeiture Money Judgment and/or the restitution judgment.   In addition, the defendant expressly authorizes the United States Attorney's Office to obtain a credit report.

(b)      The defendant agrees that she will not sell, hide, waste, encumber, destroy, or otherwise devalue any asset until the Forfeiture Money Judgment and her restitution judgment is paid in full without prior approval of the government.   The defendant shall also identify any transfer of assets valued in excess of $5,000 since the date of the signing of this Agreement or when she became aware of the criminal investigation, including the identity of the asset, the value of the asset, the identity of the third party to whom the asset was transferred, and the current location of the asset.

(c)      The defendant agrees to cooperate fully in the investigation and the identification of assets to be applied toward forfeiture and/or restitution.   The defendant agrees that providing false or incomplete information about her financial assets, or hiding, selling, transferring or devaluing assets and/or failing to cooperate fully in the investigation and identification of assets may be used as a basis for: 1) separate prosecution, including, under 18

Defendant's Initials 

9

U.S.C. §1001; or 2) recommendation of a denial of a reduction for acceptance of responsibility pursuant to Sentencing Guidelines § 3E1.1.

(d)     The defendant further agrees to liquidate assets, or complete any other tasks which result in immediate payment of the Forfeiture Money Judgment and/or the restitution judgment in full, or full payment in the shortest amount of time, as requested by the government.

(e)     The defendant shall notify, within 30 days, the Clerk of the Court and the United States Attorney's Office of: 1) any change of name, residence, or mailing address, and 2) any material change in economic circumstances that affects the ability to pay the Forfeiture Money Judgment and/or restitution.

18.     The defendant agrees that she has consulted with her attorney and fully understands all rights with respect to the Information.   Further, the defendant agrees that she has been advised concerning and fully understands all rights with respect to the provisions of the Sentencing Guidelines which may apply in this case.   The defendant, by her signature affixed below, attests that she has read this agreement, carefully reviewed every part of it with her attorney, that she is satisfied with her attorney's advice and representation regarding her decision to enter into the agreement, and voluntarily agrees to be bound by every term and condition set forth herein.

19.     Defense counsel, by his signature affixed below, attests that he has fully explained to the defendant her rights with respect to the pending Information, that he has reviewed with the defendant the provisions of the Sentencing Guidelines and has explained to the defendant the provisions which may apply in this case, and that he has carefully reviewed every part of this plea agreement with the defendant.

Defendant's Initials 

10

20.    This is the entire agreement and understanding between this Office and the defendant.   There are no other agreements, promises, representations, or understandings.

RANDY HUMMEL
ATTORNEY FOR THE UNITED STATES
ACTING UNDER AUTHORITY
CONFERRED BY 28 U.S.C. § 515

Date: 9/7/18                          By: _____
                                          KEVIN J. LARSEN
                                          ASSISTANT UNITED STATES ATTORNEY

Date: 9/7/18                          By: _____
                                          MARK EIGLARSH, ESQ.
                                          ATTORNEY FOR DEFENDANT

Date: 9/7/18                          By: _____
                                          JENNIFER JOHN CARBON
                                          DEFENDANT

11