**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 18-20690-CR-UNGARO**

**UNITED STATES OF AMERICA**

**vs.**

**JENNIFER JOHN CARBON,**

**Defendant.**
_________________________________/

# FACTUAL PROFFER

The office of the United States Attorney for the Southern District of Florida and the defendant stipulate to and agree not to contest the following facts, and stipulate that such facts, in accordance with Rule 11(b)(3) of the Federal Rules of Criminal Procedure, provide a sufficient factual basis for the plea of guilty in this case:

If this case had gone to trial the government would have proved beyond a reasonable doubt that TRICARE was a health care insurance program of the United States Department of Defense. TRICARE provides civilian health benefits for military personnel, military retirees, and military dependents all around the world.

The government would have proved that between in or around December, 2014, and continuing through in or around July, 2015, the defendant combined, conspired, and confederated with Asif Uddin, ("Uddin"), co-conspirator 1, and others known to the Attorney for the United States receive health care kickbacks in violation of Title 18, United States Code, Section 371.

Specifically, the government would have proved that in or around December of 2014, the defendant was an owner of Comfort Medical Center, L.L.C. ("CMC"), a Miami-Dade County medical clinic. The government would have also proved that around this same time period co-

conspirator 1 invited the defendant into the charged scheme by offering to pay her kickbacks in exchange for: (1) arranging for and providing prescriptions to him for expensive and medically unnecessary compounded medications for individuals referred to CMC by co-conspirator 1, Uddin and others known to the Attorney for the United States with TRICARE insurance; and (2) for recruiting and referring TRICARE insurance beneficiaries' prescriptions for expensive and medically unnecessary compounded medications to co-conspirator 1, so that the beneficiaries' orders for prescription compounded medications could be filled by Pharmacies 1 and 2, which are compounding pharmacies located in the Middle District of Florida and the Western District of Oklahoma respectively.

The government's evidence would have proved that the defendant in fact agreed to arrange for and provide medically unnecessary prescriptions for compounded medications to TRICARE beneficiaries that were referred to CMC by co-conspirators in the scheme and that she received payment from co-conspirator 1 in exchange for doing so. Additional evidence would have proved that the defendant arranged for and provided prescriptions to co-conspirator 1 for TRICARE beneficiaries she personally recruited, and that in exchange, co-conspirator 1 paid the defendant an amount equal to 20% of the sum paid by TRICARE to Pharmacies 1 and 2 for compounded medications dispensed to the recruited beneficiaries.

The government would have proved that the defendant engaged in a number of overt acts in furtherance of the charged conspiracy, one of which includes her receipt on or about January 29, 2015, of the approximate sum of $23,940, which she admits, along with all other monies received from co-conspirator 1 constitute unlawful health care kickbacks tied to the conduct described above.

All of the above conduct occurred within the jurisdiction of the Southern District of Florida.

RANDY HUMMEL

ATTORNEY FOR THE UNITED STATES
ACTING UNDER AUTHORITY CONFERRED
BY 28 U.S.C. § 515

Date: 9/7/18 By: ______________________
KEVIN J. LARSEN
ASSISTANT UNITED STATES ATTORNEY

Date: 9/7/18 By: ______________________
MARK EIGLARSH, ESQ.
ATTORNEY FOR DEFENDANT

Date: 9/7/18 By: ______________________
JENNIFER JOHN CARBON
DEFENDANT